IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERIC LOGRECO,
 Plaintiff,

vs.            Case No. 3:12cv278/MCR/EMT

MARION COUNTY SHERIFF'S OFFICE, et al.,
 Defendants.
_____/

## REPORT AND RECOMMENDATION

  Plaintiff initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Upon review of the complaint, it is apparent that venue is not proper in the Northern District, and that this case should be transferred.

  Plaintiff is an inmate currently housed at Santa Rosa Correctional Institution in Milton, Florida. He names two Defendants: The Marion County Sheriff's Office and Dr. Rubio, a physician employed at the Marion County Jail ("jail"). Plaintiff was incarcerated at the Marion County Jail after his arrest and before he was transferred to the custody of the Florida Department of Corrections. He alleges that while he was at the jail, Dr. Rubio unlawfully deprived him of certain prescribed psychotropic medication in violation of his constitutional rights (*see* doc. 1 at 4–5). As relief, Plaintiff seeks monetary damages (*id.* at 6).

  Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides in relevant part:

> A civil action may be brought in –
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made sua sponte by the district court. Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989); Robinson v. Madison, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); Empire Gas Corp. v. True Value Gas of Florida, Inc., 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord* Roofing & Sheeting, 689 F.2d at 991 n.14.

In this case, although Plaintiff is now in custody within the Northern District of Florida, the acts or occurrences forming the basis of the complaint occurred in Marion County, Florida, which is in the Middle District of Florida. There is no suggestion that the named Defendants are located anywhere other than the Middle District. This community appears to have no relation to the litigation at issue, and there is no basis for the case to have been brought here.[1] Therefore, in the interest of justice, this action should be transferred to the Middle District.

Accordingly, it is respectfully, **RECOMMENDED**:

1. That this case be transferred to the United States District Court for the Middle District of Florida.

2. That the Clerk be directed to close the file.

---

[1] Although Plaintiff's choice of forum is ordinarily given consideration, Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." Windmere Corp. v. Remington Products, Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citations omitted).

Case No.: 3:12cv278/MCR/EMT

At Pensacola, Florida, this 18<u>th</u> day of June 2012.

                                /s/ *Elizabeth M. Timothy*
                                **ELIZABETH M. TIMOTHY**
                                **UNITED STATES MAGISTRATE JUDGE**

### **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**